IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,                                 Criminal No. 23-114

        v.                                      ELECTRONICALLY FILED

JAIMON WOODS,

        Defendant.

**MEMORANDUM ORDER**

Before the Court is Defendant's Motion for Reconsideration for Order of Detention. ECF 63. Defendant also submitted an Exhibit in support of his Motion. ECF 79. The Government has filed a Response in Opposition to the Motion (ECF 86), making the matter ripe for adjudication. For the reasons that follow, the Court will DENY Defendant's Motion.

**I.    BACKGROUND**

Defendant was indicted in the instant matter on one count of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). At the time he allegedly committed the instant offense, Defendant was on supervised release in federal criminal case number 18-152.

Based on the record in this case, including the testimony provided during the many hearings and status conferences held in this matter to date, and given the Court's familiarity with the Defendant from his prior case (criminal no. 18-152), the Court begins by noting that this case

arose when a vehicle registered to Defendant was stopped while Defendant was sitting the front passenger seat.  The vehicle was stopped by a McKees Rocks police officer when the driver of the vehicle made a turn without signaling first.

During the traffic stop, the police officer observed marijuana in the vehicle, had the vehicle towed, and a obtained a search warrant for the vehicle thereafter. A search of the vehicle yielded a handgun and magazine. After the seizure of this weapon, and after obtaining an arrest warrant for Defendant, McKees Rocks police conducted surveillance on Defendant's residence (which at the time was 336 Gardner Street)[1].  When Defendant exited this residence and entered a vehicle parked in front of the residence, he was arrested by the police who recovered a loaded handgun from Defendant's waistband.  The arresting officers also recovered three baggies of what appeared to be crack cocaine from the center console of this vehicle. On June 6, 2023, the grand jury returned a one count indictment in this case charging Defendant with possession of a firearm by a convicted felon. Defendant's probation officer in criminal number 18-152 also filed a Petition for Violation based on this alleged criminal activity.  That matter is also currently pending.

On May 6, 2024, United States Magistrate Judge, Maureen Kelly, held a detention hearing in this case at the request of the Government and concluded Defendant needed to be detained. Defendant immediately filed a Motion for Reconsideration of the Magistrate Judge's Order of Detention with this Court, and this Court held its own hearing on the matter on June 6, 2024. During this hearing, the Government proffered five exhibits (ECF 62) and the transcript from Magistrate Judge Kelly's hearing. ECF 68. Defendant offered no testimony or exhibits at

---

[1] When Defendant first appeared before the Magistrate Judge requesting that he be allowed to remain free on bond during the pretrial phase, he asked the Court to allow him to return this address. Defendant's exhibit (ECF 79) proffers a different address and different third-party custodian should this Court permit him to remain free on bond.

the hearing but did proffer an exhibit a month later which indicated a prospect for employment and an alternate place for defendant to reside as well as a different third-party custodian. ECF 79.

## II.     STANDARD OF REVIEW

A District Judge must make an independent, *de novo* determination of a defendant's eligibility for release on bail. *U.S. v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). The Court retains the discretion to make its determination after reviewing the record developed before the United States Magistrate Judge or to accept additional evidence from the parties, and rule on the expanded Record. *See* 18 U.S.C. § 3142(f)(2)(b); *U.S. v. Burgess*, Crim. No. 09-150, 2009 WL 2038148, at *2 (W.D. Pa. Jul. 9, 2009).

Where, as here, a transcript of the detention hearing is available, this Court must give careful consideration to the Magistrate Judge's decision and reasoning. *Delker*. at 1395. "[T]he district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). However, in this case, the Court held its own evidentiary hearing on June 6, 2024. ECF 73.

## III.    DISCUSSION

Under the Bail Reform Act, this Court must detain Defendant if this Court determines that no condition or set of conditions will reasonably assure the assure the appearance of Defendant nor can assure the safety of any person or the community as a whole. 18 U.S.C. § 3142.

The Court has considered the factors enumerated in 18 U.S.C. § 3142(g) when determining whether Defendant poses a danger to the community. Starting with the first factor,

given the nature of the offense charged in this case, it is clear that the charged offense involves at least one firearm. Because the firearm at issue was found on Defendant's person – in his waistband – when he was arrested, the weight of the evidence clearly lies against Defendant. Defendant's criminal history also favors detention. Defendant's Presentence Investigation Report from his prior criminal case before this Court (criminal no. 18-152), indicates that Defendant was convicted of possession of a prohibited firearm in 2009 along with possession of MDMA. In 2011, Defendant was convicted with possession with intent to deliver heroin. Because Defendant was on supervised release at the time the instant charge arose, pretrial release is disfavored. Finally, given Defendant's history and his recidivist nature with respect to firearms as well as his past involvement with illegal drugs and the references to drugs in the documents in the instant case (both marijuana and crack cocaine), this Court concludes Defendant demonstrates a real and imminent danger to the community.

## IV.  CONCLUSION

Because Defendant proffered no evidence or testimony to challenge any of Magistrate Judge Kelly's findings, and given this Court's own findings set forth above, the Court will deny Defendant's Motion for Reconsideration of Order of Detention.

### ORDER

AND NOW, this 9th day of August, 2024, the Court hereby DENIES Defendant's Motion for Reconsideration of Order of Detention (ECF 63).

> s/Arthur J. Schwab
> Arthur J. Schwab
> United States District Judge

cc:     All counsel of record